Jorge GONZALEZ CISNEROS, Jr., Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71650.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Robert G. Berke, Esq., Los Angeles, CA, for Petitioner.

Mark C. Walters, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Jorge Gonzalez Cisneros, Jr., Glendale, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Jorge Gonzalez Cisneros, Jr., a native and citizen of Mexico, petitions for review

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reconsider its removal order and reopen proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen and reconsider for abuse of discretion. *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

Gonzalez Cisneros contends that there was not sufficient evidence to support the IJ's removal order. By submitting Gonzalez Cisneros' birth certificate, the government established a prima facie case of alienage and shifted the burden of proving lawful entry to Gonzalez Cisneros. *See Lopez–Chavez v. INS,* 259 F.3d 1176, 1181 (9th Cir.2001) (noting that once a prima facie case of alienage is established through proof of foreign birth, alien has the burden of proving time, place and manner of entry). By failing to appear at his removal hearing, Gonzalez Cisneros missed his chance to rebut the presumption of removability. Accordingly, the BIA did not abuse its discretion in denying his motion. *See id.*

We lack jurisdiction to review Gonzalez Cisneros' contention that he did not receive proper notice of his removal hearing as he did not raise this contention before either the IJ or the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that exhaustion is jurisdictional).

Although Gonzalez Cisneros suggests that his former representative rendered ineffective assistance, he did not notify his former representative of the charges against her. As a result, Gonzalez Cisne-

ros failed to comply with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and the BIA did not abuse its discretion in denying his request to reopen proceedings. *See Reyes v. Ashcroft,* 358 F.3d 592, 598–99 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

